IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CONNIE GREEN,                          :
                                       :
       Plaintiff,                      :
                                       :
vs.                                    :        3:98-CV-55 (CAR)
                                       :
JO ANNE B. BARNHART,[1]                :
Commissioner,                          :
Social Security Administration,        :
                                       :
       Defendant.                      :

**O R D E R**

**I.    INTRODUCTION**

Before this Court is Plaintiff Connie Green's Motion for Attorney's Fees Under the Social Security Act ("Act") (doc. 21). Plaintiff filed the above-captioned action in this Court seeking review of the Commissioner's denial of her application for disability benefits under the Act. Upon review of the Commissioner's decision, this Court entered judgment in Plaintiff's favor and remanded the case for further proceedings. On remand from this

---

[1] Jo Anne Barnhart became the Commissioner of Social Security, effective November 14, 2001, succeeding Acting Commissioner Larry G. Massanari, who succeeded Commissioner Kenneth S. Apfel. Pursuant to Federal Rule of Civil Procedure 25(d)(1) and 42 U.S.C. § 405(g), Jo Anne Barnhart is automatically substituted as the defendant in this action.

Court, Plaintiff was awarded $52,280.00 in past-due benefits by the Social Security Administration ("SSA"). Plaintiff's attorney now requests this Court to award him a reasonable fee under the Act for services rendered to Plaintiff to date.

II.     **LEGAL DISCUSSION**

A.      **Timeliness of Motion for Attorney's Fees**

The award of attorney's fees in social-security cases is largely governed by 42 U.S.C.A. § 406(b)(1)(A), which provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who is represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C.A. § 406(b)(1)(A) (West 2006). The foregoing statute "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Section 406(b) itself does not impose a time limit for fee requests. In this Circuit, the timing of filing a petition for attorney's fees pursuant to § 406(b)(1)(A) is governed by Federal

Rule of Civil Procedure 54(d)(2).  *Id.*  Among other things, Rule 54(d)(2)(B) requires motions for attorneys' fees to be filed "no later than 14 days after entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B).  What remains an open question in the Eleventh Circuit, however, is <u>when</u> the 14 day period for filing the petitions provided in Rule 54(d)(2)(B) begins to run for a § 406(b) petition.  *See* **Bergen**, 454 F.3d at 1277.

Strictly construed, Rule 54(d) requires motions for attorneys' fees to be filed no later than 14 days after a district court enters a final judgment.  Fed. R. Civ. P. 54(d)(2)(B).  In the context of a Social Security action wherein the district court enters final judgment and remands the case to the Commissioner for a benefits determination, the stringent application of this deadline seems purposeless, as an attorney's fee award is incalculable until the amount of past-due benefits is determined by the Commissioner on remand.

In this case, because the Court entered final judgment on the order remanding the case to the Commissioner on March 11, 1999, Plaintiff's counsel's motion for attorney's fees was due on or about March 25, 1999.  Plaintiff's counsel did not move for attorney's fees, though, until July 31, 2006—seven days after Plaintiff received her notice of award letter from the SSA.  In *Bergen*, the Eleventh Circuit noted that, to avoid this exact scenario, "the best practice, [following] entry of a judgment . . . would be for the Plaintiff to request and the Court to include in the judgment a statement that attorneys fees may be applied for

3

within a specified time after the determination of Plaintiff's past due benefits by the Commission." *Bergen*, 454 F.3d at 1277 n.2. Unfortunately, neither Plaintiff nor the Court had the benefit of this sage advice when judgment was entered in this case. Although Plaintiff's counsel's application for fees pursuant to 42 U.S.C. § 406 appears to be untimely, the Court notes that the Commissioner has not raised a formal objection to the timeliness of Plaintiff attorney's motion.[2] Therefore, the Court will issue a ruling.

**B.    Award of Attorney's Fees**

Before the commencement of this action, Plaintiff and her attorney entered a fee agreement "which provide[d] for a reasonable fee for services in court as determined by the court, not to exceed 25% of the past due benefits." (Pl.'s Mot. Atty's Fees, doc. 21, Ex. B.) Based on the award of $52,280.00 in past-due benefits, the maximum attorney's fee the Court may award in this case is $13,070.00. Counsel for Plaintiff requests an award of $9,070.00, claiming that the fee is reasonable for the services rendered. The Commissioner does not oppose the fee request by Plaintiff's counsel. (Comm'r.'s Resp. 1.)

As previously stated, when a district court issues a decision favorable to a social-

---

[2] Although the Commissioner does not object to Plaintiff's counsel's fee request, the Commissioner did, in somewhat uncertain terms, question the timeliness of the fee petition filed in this case, based on the Eleventh Circuit's recent ruling in *Bergen*. (Comm'r.'s Resp. Pl.'s Mot. Atty's Fees, doc. 22, at 2.) In the absence of a direct challenge by the Commissioner to the timeliness of the attorney's fee petition filed in this case, however, the Court will not address the issue. *See Bergen*, 454 F.3d at 1277-78.

4

security claimant, 42 U.S.C. § 406(b)(1) authorizes the award of attorneys' fees not exceeding 25% of the past-due benefits awarded. Simply because an attorney requests a fee below the 25% threshhold, however, does not mean that she is automatically entitled to the amount requested—the attorney must still demonstrate that the fee sought is reasonable for the services rendered to the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 (2002). A contingency fee negotiated by a claimant and her counsel generally will be deemed reasonable if the agreement does not call for fees exceeding the twenty-five percent statutory limit, does not involve fraud or overreaching in its making, the resolution of the case was not unreasonably delayed by the acts of the claimant's attorney, and enforcing the agreement would not provide a fee "so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990); *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989).

In this case, Plaintiff's counsel seeks $9,070.00 in attorney's fees, an amount that is roughly 17% of the past-due benefits awarded to Plaintiff. In an effort to demonstrate the reasonableness of the fee requested, Plaintiff's counsel states that he "provided 7.75 hours of attorney services and 26.30 hours of paralegal services" to Plaintiff over a two-year period. (Pl.'s Mot. Atty's Fees 2.) During that time, Plaintiff's counsel successfully litigated Plaintiff's appeal in this Court, which resulted in the remand of Plaintiff's case to the SSA,

5

and the award of $52,280.00 in past-due benefits to Plaintiff.  Moreover, it is clear that "[P]laintiff would have received no benefits had [her counsel's] legal assistance not been provided."  (Pl.'s Mot. 2.)

Upon review of counsel for Plaintiff's unopposed request for attorney's fees and the contingency-fee agreement between Plaintiff and her counsel, the Court finds that Plaintiff's counsel's fee request is reasonable.  There is no evidence of unreasonable delay by Plaintiff's counsel, nor is there any indication that the contingency-fee agreement between Plaintiff and her counsel involved fraud or overreaching, or that enforcing the agreement would grant Plaintiff's counsel a windfall.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees (doc. 21) is hereby **GRANTED**.

SO ORDERED, this 15th day of December, 2006.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

CAR/jab